UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20333-ALTMAN/Sanchez

DAHLIA ORTH, *et al.*,

    *Plaintiffs*,

*v.*

CARNIVAL CRUISE LINE, LTD.,

    *Defendant*.

_____/

## ORDER ON MOTION TO DISMISS

In this maritime-tort action, our Defendant, Carnival Cruise Line, Ltd., has moved to dismiss the Plaintiffs' Complaint [ECF No. 1]. *See* Motion to Dismiss (the "MTD") [ECF No. 9]. For the reasons we discuss below, the MTD[1] is **GRANTED** and the Complaint is **DISMISSED without prejudice**.

### THE FACTS[2]

"On or about January 28, 2023, and continuing for several days, Plaintiffs were aboard [*Carnival Magic*] as fare-paying passengers assigned by Defendant to Stateroom #2280[.]" Complaint ¶ 10. "Unbeknownst to Plaintiffs, the Stateroom was infested with hundreds of bedbugs." *Ibid.* "The bed bugs latched onto the Plaintiffs while they slept and sucked their blood until they were gorged." *Ibid.* "Plaintiffs suffered from numerous bites and skin rashes, which caused pain, discomfort, annoyance, sleeplessness, inconvenience, humiliation, anxiety, and emotional distress." *Ibid.* "Plaintiffs reported these findings to Defendant and the medical staff aboard the Vessel, requested prompt

---

[1] The MTD is ripe for resolution. *See* Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss (the "MTD Response") [ECF No. 25]; Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss (the "MTD Reply") [ECF No. 28].

[2] We take the following facts from the Plaintiffs' Complaint and accept them as true for purposes of this Order.

medical care, and asked for assurances that the Stateroom was clear of bed bugs and to be moved to a new bed-bug-free stateroom." *Id.* ¶ 11. "Rather than promptly assisting Plaintiffs, Defendant through its employees and medical staff refused and delayed Plaintiffs and their injuries." *Ibid.*

The Plaintiffs, Dahlia Orth and Lauren Meyer, sued the Defendant on January 27, 2024, asserting three claims: "Negligence—General Maritime Law" (Count I); "Negligent Infliction of Emotional Distress—General Maritime Law" (Count II); and "Fraudulent Concealment—Florida Law" (Count III).[3] *See id.* ¶¶ 16–42. On April 10, 2024, the Defendant filed its MTD, in which it argues that (1) the "Plaintiffs fail to properly plead actual or constructive notice"; (2) the "Plaintiffs' negligent infliction of emotional distress argument fails"; and (3) the "Plaintiffs' Complaint is a comingled, shotgun pleading." *See* MTD at 3–10.

## THE LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

---

[3] The Plaintiffs labeled this last count as Count V, but this appears to be a scrivener's error.

2

unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). "The motion is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Ibid.* (quoting *Twombly*, 550 U.S. at 570).

"Claims arising from torts committed aboard ships on navigable waters are governed by general maritime law." *Breaux v. NCL (Bahamas) Ltd.*, 2022 WL 2304254, at *6 (S.D. Fla. June 24, 2022) (Altman, J.); *see also Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) ("[W]e note that the substantive law applicable to this action, which involves an alleged tort committed aboard a ship sailing in navigable waters, is the general maritime law[.]").

To plead a viable negligence claim in a maritime-tort case, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "With respect to the duty element in a maritime context, 'a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959)). This reasonable-care standard "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe*, 867 F.2d at 1322. "Actual notice exists when the defendant knows of the risk-creating condition," *Gorczyca v. MSC Cruises, S.A.*, 715 F. App'x 919, 921 (11th Cir. 2017), while constructive notice exists when the defendant "*should have known* of the dangerous condition," *Woodley v. Royal Caribbean Cruises, Ltd.*, 472 F. Supp. 3d 1194, 1204 (S.D. Fla. 2020) (Moore, C.J.).

ANALYSIS

Because the Plaintiffs have submitted a "shotgun pleading," MTD at 8–10, we now dismiss the Complaint without prejudice. *See, e.g.*, *Curfman v. Ocwen Fin. Servicing, LLC*, 2019 WL 13089701, at *2 (S.D. Fla. Sept. 10, 2019) (Middlebrooks, J.) ("As a threshold matter, Defendants move to dismiss the Complaint in its entirety because it is a 'shotgun pleading.' Defendants make other arguments regarding why the Complaint should be dismissed and those arguments may be well-founded; however, I need not reach the merits of these issues as raised because I find that the Complaint should be dismissed as an impermissible shotgun pleading." (cleaned up)); *Cuevas v. Abbey Delray S.*, 2023 WL 5916547, at *5 (S.D. Fla. June 8, 2023) (Reinhart, Mag. J.) ("Because the [complaint] should be dismissed as a shotgun pleading, I need not reach the parties' alternative arguments for dismissal."), *report & recommendation adopted*, 2023 WL 5162622 (S.D. Fla. Aug. 11, 2023) (Cannon, J.); *Spilker v. E. Fla. State Coll.*, 2020 WL 1172132, at *3 (M.D. Fla. Feb. 11, 2020) (Irick, Mag. J.) ("The Court, however, need not determine whether Plaintiff has failed to state a claim for relief, because the undersigned finds that Defendant correctly argues that the Complaint is a shotgun pleading and should be dismissed on that basis."), *report & recommendation adopted*, 2020 WL 1170832 (M.D. Fla. Mar. 11, 2020) (Mendoza, J.).

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). But, as the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count

4

each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics. *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up)).

The Plaintiffs' Complaint is a shotgun pleading because it "fails to separate into a different count each cause of action." *Embree*, 779 F. App'x at 662. In Count I—titled "Negligence—General Maritime Law"—the Plaintiffs allege that the Defendant "failed to regularly and properly inspect," "failed to regularly and properly maintain," "failed to warn," and "failed to properly train," among other allegations. Complaint ¶ 19. Some of these, however, are "conceptually different" theories of negligence that "require different proof." *O'Brien v. NCL (Bahamas) Ltd.*, 2016 WL 11504098, at *3 (S.D. Fla. Nov. 18, 2016) (Lenard, J.).

As we've said many times, courts in our District routinely dismiss negligence claims where (as here) different theories of negligence are improperly commingled into one negligence cause of action. *See Johnson v. Carnival Corp.*, 2020 WL 128179, at *3 (S.D. Fla. Jan. 10, 2020) (Bloom, J.) ("[The] [p]laintiff's claims are not separately labeled, though the basis of her claims is negligence based upon at least three different theories—failure to maintain, failure to establish adequate policy and procedures, and failure to warn . . . . These theories should be asserted separately with supporting factual allegations . . . . On this basis alone, the [c]omplaint is due to be dismissed."); *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337 (S.D. Fla. 2012) (Moore, J.) (holding that a complaint "epitomize[d]

5

a form of 'shotgun' pleading" because it alleged that the defendant owed a duty to provide "reasonable care" and then "proceed[ed] to allege at least twenty-one ways in which [d]efendant breached this duty"); *Mayer v. Carnival Corp.*, 2024 WL 962380, at *2 (S.D. Fla. Mar. 6, 2024) (Altman, J.) (dismissing complaint as an impermissible shotgun pleading because it "commingle[d] multiple negligence causes of action into one count," including failure to warn, failure to maintain, and failure to properly train).

Because the Plaintiffs seek to advance multiple theories of negligence within Count I, they must "separate each cause of action into a separate paragraph, and [they must] support each cause of action with specific (non-conclusory) factual allegations." *Brodowicz v. Walmart, Inc.*, 2022 WL 3681958, at *2 (S.D. Fla. June 6, 2022) (Altman, J.); *see also O'Brien*, 2016 WL 11504098, at *3 ("The amended complaint shall separate into distinct counts all claims that will require different proof, *e.g.*, negligent design, failure to warn, failure to maintain, *etc.* Each count shall include the specific factual allegations supporting the claim, consistent with Rule 10(b).").

Accordingly, after careful review, we **ORDER and ADJUDGE** as follows:

1. The Motion to Dismiss [ECF No. 9] is **GRANTED**.

2. The Complaint [ECF No. 1] is **DISMISSED without prejudice**.

3. The Plaintiffs will have until **August 26, 2024**, to file an amended complaint. Carnival will have two weeks from the date of that filing to respond.

**DONE AND ORDERED** in the Southern District of Florida on August 12, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record